No. 25-2121(L)

## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

MICHAEL JACKSON, on behalf of himself and all others similarly situated,

*Plaintiff-Appellant,*

– v. –

THOMSON REUTERS AMERICA CORPORATION,

*Defendant-Appellee.*

On Appeal from the United States District Court for the Northern District of West Virginia at Clarksburg, No. 1:24-cv-00088-MFU (Hon. Michael F. Urbanski)

## MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND OTHER NEWS AND MEDIA ORGANIZATIONS IN SUPPORT OF DEFENDANT-APPELLEE SEEKING AFFIRMANCE

Mara Gassmann
  *Counsel of Record*
Lisa Zycherman
Gabriel Rottman*
Matthew Singer*
THE REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, D.C. 20005
(202) 795-9300

*Counsel block continued on next page*

Ian Kalish*
UNIVERSITY OF VIRGINIA LAW SCHOOL
    FIRST AMENDMENT CLINIC
580 Massie Road
Charlottsville, VA 22903
(202) 795-9316

* *Of counsel*

*Counsel for amici curiae*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No.  25-2121(L        Caption:  JACKSON v. THOMSON REUTERS AMERICA CORP.

Pursuant to FRAP 26.1 and Local Rule 26.1,

The Reporters Committee for Freedom of the Press
(name of party/amicus)


 who is     Proposed Amicus Curiae    , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO


2.    Does party/amicus have any parent corporations?   ☐YES ☑NO
      If yes, identify all parent corporations, including all generations of parent corporations:


3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?   ☐YES ☑NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?  ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☐NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.  Is this a criminal case in which there was an organizational victim?  ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Mara Gassmann                    Date:        3/10/2026

Counsel for: Amici RCFP & News & Media Orgs.

- 2 -

**Print to PDF for Filing**

The Reporters Committee for Freedom of the Press ("Reporters Committee"), joined by The Associated Press, The Center for Investigative Reporting, First Amendment Coalition, The Intercept Media, Inc., International Documentary Association, The Media Institute, National Press Photographers Association, National Public Radio, Inc., The New York Times Company, News/Media Alliance, Pro Publica, Inc., Radio Television Digital News Association, The Seattle Times Company, Society of Environmental Journalists, Student Press Law Center, and Tully Center for Free Speech (together, "amici"), respectfully move this Court pursuant to Federal Rule of Appellate Procedure 29(a) for leave to file the attached amici curiae brief.  In support of this relief, amici set forth as follows:

The press plays an essential role in ensuring the public is informed about the activities of its public officials and often "serve[s] as an important restraint on government." *Minneapolis Star & Trib. Co. v. Minn. Comm'r of Revenue*, 460 U.S. 575, 585 (1983); *accord Mills v. Alabama*, 384 U.S. 214, 219 (1966) ("The Constitution specifically selected the press . . . to play an important role in the discussion of public affairs.").  Amici are news and media organizations that have an interest in the continued vitality of legal and constitutional protections for gathering and publishing truthful information on matters of public concern. Amici submit this brief to underline the potentially significant impact that the West Virginia's Daniel's Law, W. Va. Code § 5A-8-24, could, if upheld, have

on the ability of the press to do its job and the public's ability to access newsworthy information related to public officials.

Lead amicus, the Reporters Committee, is an unincorporated nonprofit association dedicated to defending the First Amendment and newsgathering rights of the press. It was founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists. The Reporters Committee regularly participates as amicus in federal and state courts, and has filed judicial briefs and legislative correspondence concerning federal and state Daniel's Law legislation. *See, e.g.*, Amici Curiae Br. of the Rep. Comm. for Freedom of the Press, et al., *People for the Ethical Treatment of Animals, Inc. v. N. Carolina Farm Bureau Fed'n, Inc.*, 60 F.4th 815 (4th Cir. 2023) (newsgathering); Amici Curiae Br. of the Rep. Comm. for Freedom of the Press, et al., *Kratovil v. City of New Brunswick*, 336 A.3d 201 (N.J. 2025) (N.J. Daniel's Law); Ltr. from Rep. Comm. for Freedom of the Press to U.S. Senators, Jul 20, 2023, https://www.rcfp.org/wp-content/uploads/2023/07/2023-07-20-Senate-Amendment-218-letter-to-U.S.-Senate-sent-by-RCFP-and-30-media-organizations.pdf (Congressional Daniel's

Law).  It seeks here to provide the Court with information that is not duplicative of the parties and other amici and that would aid the decisional process.

Appellees consent to the filing of this amicus brief.  The position of Appellant could not be obtained by the time of filing and amici thus move the Court pursuant to Federal Rule of Appellate Procedure 29(a)(2), (3).

Amici respectfully request that the Court grant the motion for leave and accept for filing the accompanying proposed brief.

Dated:  March 10, 2026                    Respectfully submitted,

/s/ Mara Gassmann

Mara Gassmann
    Counsel of Record
Lisa Zycherman
Gabriel Rottman*
Matthew Singer*
THE REPORTERS COMMITTEE FOR
    FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, D.C. 20005
T: (202) 795-9300
F: (202) 795-9310

Ian Kalish, Esq.*
UNIVERSITY OF VIRGINIA LAW SCHOOL
    FIRST AMENDMENT CLINIC[1]
580 Massie Road
Charlottesville, VA 22903
T: (202) 795-9316

* Of counsel

---

[1] This amicus brief does not represent the views of the University of Virginia School of Law, which does not as an institution take a position in this litigation.

3

## <u>LOCAL RULE 27(a) STATEMENT</u>

The Reporters Committee has informed counsel for Appellant and Appellees in this appeal of amici's planned motion for leave and proposed amicus brief. Appellees have consented, and Appellant's position was unknown at the time of filing.

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing motion for leave and accompanying proposed brief of amici curiae electronically with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system on March 10, 2026.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Mara Gassmann

Mara Gassmann
*Counsel of Record*
THE REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS

5